# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
Filed: September 16, 2026
Reissued for Public Availability: October 16, 2026

| | | |
|---|---|---|
| SILVIA VILLACORTA ROSALES, | * | No. 26-392V |
| Petitioner, | * | Special Master Young |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |

*Silvia Villacorta Rosales*, Woodbridge, CT, *Pro Se*.
*Sarah Black Rifkin*, U.S. Department of Justice, Washington, DC, for Respondent.

## DISMISSAL DECISION[1]

On March 10, 2026, Silvia Villacorta Rosales ("Petitioner") filed a petition for compensation in the National Vaccine Injury Compensation Program ("the Program").[2] Pet., ECF No. 1. Petitioner alleged she suffered from cellulitis as a result of receiving Tdap and PCV21 vaccinations on December 5, 2025. *Id.* at 1. Along with her petition, Petitioner filed medical records to support date, type, and location of vaccination, as well as onset of symptoms. ECF No. 1–2.

Given the information provided, on March 12, 2026, I ordered Respondent to file his Rule 4(c) report and indicate how he wished to proceed based on the evidence currently in the record. ECF No. 6. On April 9, 2026, Respondent filed his Rule 4(c) report arguing that this case is not appropriate for compensation. ECF No. 9 at 1–2. Specifically, Respondent argued that Petitioner has not established that her injury meets the Vaccine Act's severity requirement. *Id.* at 2.

On April 16, 2026, I ordered Petitioner to file any and all evidence she wished to be considered in determining if she satisfies the severity requirement by no later than June 16, 2026.

[1] Pursuant to Vaccine Rule 18(b), this Decision was initially filed on September 16, 2026, and the parties were afforded 14 days to propose redactions. The parties did not propose any redactions. Accordingly, this Decision is reissued in its original form for posting on the court's website.
[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755 ("the Vaccine Act" or "Act"). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

ECF No. 10. Petitioner failed to meet her deadline and had not made any filings or attempted to contact the Court.

On June 30, 2026, I gave Petitioner an additional thirty days to comply with my order. ECF No. 11. Petitioner was ordered to file any and all evidence she wished to be considered in determining if she satisfies the severity requirement by no later than July 30, 2026. I warned that failure to comply with the order would result in an order to show cause as to why this case should not be dismissed. I also encouraged Petitioner to obtain counsel and directed her to the Court of Federal Claims' website for a list of vaccine attorneys. Petitioner again failed to meet her deadline and has not made any filings or attempted to contact the Court.

On August 6, 2026, I issued an Order to Show Cause and gave Petitioner until September 8, 2026 to file evidence she wishes to be considered in determining if she satisfies the severity requirement. ECF No. 12. I warned that failure to comply with the order would be interpreted as a failure to satisfy statutory requirements and failure to comply with Court orders and that this case would be dismissed. I warned that no additional notice would be given prior to dismissal if this deadline is missed. To date, Petitioner has not made any filings or attempted to contact the Court.

Pursuant to the Vaccine Act, petitioners not asserting a vaccine-related death or other injury requiring a surgical intervention and inpatient care must demonstrate that they suffered the residual effects or complications from their vaccine-related injury for more than six months. 42 U.S.C. § 300aa 11(c)(1)(D). It is the petitioner's burden to prove her case, including the six-month severity requirement, by a preponderance of the evidence. *Song v. Sec'y of Health & Hum. Servs.*, 31 Fed. Cl. 61, 65–66 (1994), *aff'd*, 41 F.3d 1520 (Fed. Cir. 1994).

Both *pro se* petitioners and petitioners represented by counsel are held to the same procedural requirements by this Court, and when a petitioner fails to comply with Court orders to prosecute her case, the Court may dismiss her claim. Vaccine Rule 21(b)(1); *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996); *Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), aff'd, 991 F.2d 810 (Fed. Cir. 1993) (table); *see also Claude E. Atkins Enters., Inc. v. United States*, 899 F.2d 1180, 1183-85 (Fed. Cir. 1990) (affirming dismissal of case for failure to prosecute for counsel's failure to submit pre-trial memorandum); *Adkins v. United States*, 816 F.2d 1580, 1583 (Fed. Cir. 1987) (affirming dismissal of case for failure of party to respond to discovery requests).

Here, Petitioner has not made any filings showing she satisfies the severity requirement and has missed three consecutive deadlines. Therefore, Petitioner's case is **DISMISSED** for failure to satisfy the statutory requirements and for failure to prosecute. The Clerk shall enter judgment accordingly.[3]

Any questions regarding this order may be directed to my law clerk, Kendall Moskowitz, at Kendall_Moskowitz@cfc.uscourts.gov.

**IT IS SO ORDERED.**

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.

s/Herbrina D. S. Young
Herbrina D. S. Young
Special Master